Ordered accordingly.

(28 Misc. Rep. 456.)

DELAWARE, L. & W. R. CO. et al. v. SYRACUSE, L. & B. R. CO.

(Supreme Court, Special Term, Onondaga County.  July, 1899.)

1. STREET-SURFACE RAILROADS—CONSTRUCTION—MAP OR PROFILE OF ROUTE.
    Under the railroad law (Laws 1890, c. 565, § 90, as amended by Laws 1895, c. 933), providing that every street-surface railroad corporation, before constructing any part of its road on or through any private property described in its statement, and before instituting any proceedings for the condemnation of any real property, shall make a map and profile of the route adopted by it on or through any private property, a street-surface railroad company, across whose road another company proposes to construct its track, is entitled to a map of the route over its road.

2. SAME—CONSTRUCTION—CONSENT OF MUNICIPAL AUTHORITIES AND FILING THEREOF.
    A street-surface railroad company, before constructing its tracks on a street of a municipality, must obtain the consent of the municipal authorities, and file the same in the office of the county clerk, as required by the railroad law (Laws 1890, c. 565, §§ 91, 92).

3. SAME—EXTENSION.
    Under the statute providing for the construction of extensions by a street-surface railroad, a proposed extension will not be considered as the construction of a new and independent line, and a certificate that public convenience and necessity demand its construction be required, where it does not appear that the corporation is attempting to evade the provision of the statute by constructing a road under the guise of an extension.

Motion by the Syracuse, Lakeside & Baldwinsville Railroad Company to vacate injunction restraining said company from constructing its street-surface railroad across the tracks of the Delaware, Lackawanna & Western Railroad Company.   Motion granted.

W. P. Goodelle, for the motion.
W. S. Jenney, opposed.

HISCOCK, J.    I will briefly consider in the order presented all of the grounds urged by plaintiffs' counsel for maintaining this injunction.

1. It is urged, and not disputed, that defendant has not done the acts required by that provision of section 90 of the railroad law (Laws 1890, c. 565, as amended by Laws 1895, c. 933), which says that every street-surface railroad corporation "before constructing any part of its road upon or through any private property described in its * * * statement, and before instituting any proceedings for the condemnation of any real property, shall make a map and profile of the route adopted by it upon or through any private property," etc.    This provision was doubtless mainly intended to apply to cases in which resort might be had to condemnation proceedings to acquire right of way over ordinary private lands, and in some respects its requirements are not especially appropriate to this case.    Still, independent of condemnation proceedings, it calls for the filing of a map, etc., before entering upon private property, and such, in my opinion within the meaning of this provision, is the plaintiffs' property.    I think, however, that the benefits of this provision are to be invoked by each owner as to his own property, and that he cannot complain because a map has not been filed of the proposed route through the lands of some other person.    And certainly that one property owner cannot enjoin the construction of a road because the builder thereof has not filed a map of its proposed course through private lands where a right of way has been amicably secured.    There are obvious reasons why it may be well that a property owner opposing the construction of a railroad should be advised by profile, etc., just where and how a corporation proposes to cross his land.    He is not specially interested in knowing this about somebody else's land.    It is to be observed that this provision does not require a map and profile of the entire route which might be of general use to all property owners, but only of the route through private property, which, naturally, will be a matter of interest in each case to the individual owner.    It does not appear in this case that there is any controversy about or opposition to the defendant's route over any other private property, and I therefore conclude that all that plaintiffs are entitled to in this respect is a map of the route over their road.

2. Plaintiffs complain that "defendant has not obtained the consents of the owners of private property and of the local authorities, and filed the same in the office of the county clerk, as required by sections 91 and 92, Railroad Law."    Upon the affidavits submitted upon both sides, it does not appear that the necessary consents have not been obtained.    In fact, the contrary is alleged.    It does appear that the consent of the local authorities of the town of Geddes has not been filed in the clerk's office.    This should be done.

3. It is claimed that "defendant has not complied with the provisions of sections 90 and 12, Railroad Law, with reference to agreeing with the plaintiffs as to the manner of crossing, or the compensa-

tion to be paid to the plaintiffs for the right to cross, and has instituted no proceedings therefor." This raises the question of how far the sections referred to by plaintiffs have been superseded, and, in effect, repealed, upon this point by section 68 of the same law (see Laws 1897, c. 754), conferring upon the railroad commissioners certain powers upon this subject. There is no doubt that the latter section has conferred upon such commissioners the power to determine how the crossing of one road by the other should be made, and how certain expenses in connection therewith should be borne. This has been done upon the application of the defendant upon due notice to and appearance by the plaintiffs. The only possible matter, even upon the theory of plaintiffs, not covered by this action of the commissioners, is that of a "compensation," as referred to in section 12, over and above the adjustment of "expense," as provided for in section 68. The contingency of defendant's being compelled by a final decision in the case to make such compensation can, however, be safely provided for by the giving of a sufficient undertaking.

4. It is claimed that "the proposed extension of defendant's railway is the construction of a new and independent line of railroad, and that it became necessary to obtain a certificate * * * that public convenience and necessity require the construction of its proposed road." The language of the statute providing for the construction of "extensions" by a street-surface railroad, and, in effect, exempting them from the requirements of a certificate of public necessity (Laws 1890, c. 565), is broad, and has been given a liberal construction by the courts. Bohmer v. Haffen, 35 App. Div. 381–389, 54 N. Y. Supp. 1030. A case might, doubtless, be conceived of where a corporation in bad faith might attempt to evade the provisions of the statute by constructing a railroad under the guise of a branch or extension. The papers before me, however, fail to establish that condition in this case, and I see no adequate cause for treating the construction now being made as other than an "extension." In accordance with the foregoing conclusions, the motion to vacate the injunction is granted, with $10 costs, to abide event upon the following conditions: (1) Defendant shall file in the proper places respectively a map and profile of its proposed road over plaintiffs' property, and the consents to the construction of its road by the local authorities of the town of Geddes. (2) It shall give an undertaking in the penal sum of $5,000, to be approved by a justice of this court, or county judge of Onondaga county, conditioned that if it shall finally be determined herein that plaintiffs are entitled to compensation, under sections 90 and 12 of the railroad law, over and above the provisions of section 68, it will, within a reasonable time, take the proper steps to have such compensation fixed, and pay the same.

Ordered accordingly.